IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON R. CRAWLEY,

Petitioner, No. CIV S-10-1060 FCD EFB P

vs.

R. HILL, Warden,

Respondent. FINDINGS AND RECOMMENDATIONS

_____________________________/

Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges former California Governor Arnold Schwarzenegger's July 17, 2009 reversal of the decision by the California Board of Parole Hearings ("Board") finding petitioner suitable for parole. He claims that the Governor's action violated his right to due process.

As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___, No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was

denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979). For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied.

**I. Procedural Background**

Petitioner is confined pursuant to a 1984 judgment of conviction entered against him in the Riverside Superior Court following his conviction on charges of first degree murder and two counts of robbery. Pet. at 1.[1] Pursuant to that conviction, petitioner was sentenced to thirty years to life in state prison. *Id.*

On February 19, 2009, the Board conducted a hearing and found petitioner suitable for release from prison. Dckt. 1-1, at 79-94. Petitioner appeared at and participated in that hearing. *Id.* at 7-78. Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to grant petitioner parole and the reasons for that decision. *Id.* at 79-94. On July 17, 2009, former Governor Schwarzenegger reversed the Board's decision. *Id.* at 97-101. Petitioner received a letter from the Governor's Office which contained a statement of the reasons for the Governor's decision. *Id.*

Petitioner challenged the Governor's decision in a petition for writ of habeas corpus filed in the Riverside County Superior Court on October 29, 2009. Answer, Ex. 1. That petition was denied on November 12, 2009, on the grounds that the petition failed to state a prima facie case for relief and made assertions that were contrary to California law. *Id.*, Ex. 2. Subsequently, petitioner challenged the Governor's decision in petitions for writ of habeas corpus filed in the California Court of Appeal and California Supreme Court. *Id.*, Exs. 3, 5. Those petitions were summarily denied. *Id.*, Exs. 4, 6.

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**II. Petitioner's Claim**

Petitioner claims that the Governor's reversal of the Board's favorable suitability finding violated due process because there was not "some evidence" he posed a current danger to society if released from prison. Pet. at 4, 7-46.

**III. Analysis**

The due process clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the due process clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the due process clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz*, 442 U.S. at 7 (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12). *See also Allen*, 482 U.S. at 376-78;

////

////

////

California's parole scheme[2] gives rise to a liberty interest in parole protected by the federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam). However, the United States Supreme Court has held that correct application of California's "some evidence" standard is not required by the federal due process clause. *Swarthout*, 2011 WL 197627, at *2. Rather, this court's review is limited to the narrow question whether the petitioner has received adequate process for seeking parole. *Id.* at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly."). Adequate process is provided when the inmate is allowed a meaningful opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

Here, the record reflects that petitioner was present at the 2009 parole suitability hearing at which he was found suitable for parole. He participated in that hearing and was provided with a statement of the reasons why parole was granted. He was also provided with a statement of the reasons why parole was eventually denied by former Governor Schwarzenegger. Pursuant to *Swarthout*, this is all that due process requires.[3] Accordingly, petitioner is not entitled to habeas corpus relief.

////

---

[2] In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

[3] The fact that petitioner was denied parole by the Governor rather than the Board does not change the result in this case. One of the petitioners in *Swarthout* (Elijah Gray) had been found suitable for parole by the Board, but the Governor reversed the Board's decision, as is the case here. See 2011 WL 197627, at *2. The United States Supreme Court made no distinction regarding the process that was due to a petitioner under such circumstances.

**IV. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE